# CHARLESTON.

HENDRICKS v. FORSHEY *et al.*

Submitted October 30, 1917.   Decided November 6, 1917.

CONSPIRACY—*Torts—Breach of Contract.*

> Persons having similar, individual contracts with a third person, who conspire together to breach them, and do breach them in pursuance of such conspiracy, whether for personal gain or sinister motives, are liable therefor in an action for tort in the nature of a conspiracy.

Error to Circuit Court, Wood County.

Trespass on the case by Henry Hendricks against Thomas S. Forshey and others.   Judgment for plaintiff and defendants bring error.

*Affirmed.*

*R. E. Bills* and *C. M. Hanna,* for plaintiffs in error.

*Wm. Beard,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff recovered a judgment against Thomas S. Forshey, Clarence E. Grewell and M. W. Miller in the circuit court of Wood county, and they have brought the case here on writ of error.

The action is trespass on the case and the declaration contains five counts.   There was a demurrer to the declaration and to each count, which demurrer the court overruled as to the entire declaration and also as to the fourth and fifth counts, and sustained as to the first, second and third counts. Plaintiff, by permission of court, amended his first count, and defendants again demurred to it as amended, which the court overruled.   Defendants then pleaded not guilty and issue was joined.

It is insisted the demurrer to the declaration should have been sustained for the alleged reason that the fourth count avers a cause of action for breach of contract, whereas the other counts are in tort, and actions *ex contractu* and *ex*

*delicto* can not be joined.   While the proposition embodies
a well established rule of pleading, counsel have misconceived
the true import of the fourth count.   It avers a cause of
action in the nature of a conspiracy.   It charges substan-
tially that plaintiff had contracts with defendants and with
others, severally, to haul their milk from their places of
residence in the country to the City of Parkersburg, for a
year, at ten cents per gallon, of which defendants had knowl-
edge and that they unlawfully and maliciously confederated
and combined and entered into a conspiracy to refuse to per
mit plaintiff to haul their milk, and in pursuance thereof
breached their several contracts, wherefore plaintiff's busi-
ness as a hauler of milk has been destroyed and he greatly .
injured.   These averments state a good cause of action on
the case in the nature of a conspiracy.   *Porter* v. *Mack*, 50
W. Va. 581.   The contracts were several, not joint, and the
wrong alleged is not simply the breach by each one of the
defendants of his individual contract, but the breach of all
of them in consequence of the unlawful combination and con-
spiracy.   ''If one wantonly and maliciously, whether for his
own benefit or not, induce a person to violate his contract
with a third person to the injury of that third person, it is
actionable.''   *Transportation Co.* v. *Standard Oil Co.*, 50
W. Va. 611.   *Thacker Coal Co.* v. *Burke,* 59 W. Va. 253.

The first count is for slander, but the charge is not sup-
ported by the evidence, nor do plaintiff's counsel, in brief,
contend that it is.   But they do insist the verdict properly
stands on the evidence supporting the charge in the fourth
count.

Plaintiff testified that his contracts with the several de-
fendants were made in the spring of 1915 and were for the
period of a year, but defendants testified they were for no
stated time, and they agree he was to receive ten cents per
gallon.   Plaintiff was discharged on July 11, 1915, and de-
fendants admit they met at the home of Mr. Butcher on the
evening before, and talked over the matter of discharging
plaintiff and hauling their milk themselves, each taking it by
turns.   Defendant Miller says:   ''We agreed to go trip
about among ourselves.''   And defendant Forshey admits it

was then agreed among them that he should call plaintiff on the 'phone the next morning and notify him not to come for the milk, that they were going to haul it themselves, which he did. He also admits he called up Mr. Thomas Hoffman, who he knew was plaintiff's customer, and solicited him to enter into the arrangement they had made to haul the milk in turns. This evidence supports the charge that defendants were induced to break their contracts by their concerted action and agreement among themselves to haul their own milk. The greater the number who could be induced to enter into that arrangement the easier it would be for each of them, as each would then be required to make fewer trips. Probably no one of defendants, acting independently of the others, would have been willing to break his contract with plaintiff if it necessitated his hauling his own milk, day after day.

Plaintiff proved he was earning about $50.00 a month by hauling cream for defendants and others in the neighborhood, independent of what he was hauling for himself, and lost these earnings as a result of the breach of their contracts by defendants. This evidence suports the jury's assessment of $263.83, as plaintiff's damages. The judgment is affirmed.

*Affirmed.*