## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

PROGRESSIVE REALTY CORPORATION V. ETHEL M. MEADOR AND W. ROGER MEADOR.

March 5, 1956.

Record No. 4489.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Walter M. Evans,* for the plaintiff in error.

*Williams, Mullen, Pollard & Rogers; George R. Humrickhouse* and *Frederick T. Gray,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

Progressive Realty Corporation seeks the reversal of a judgment dismissing its motion for judgment against Ethel M. Meador and W. Roger Meador on the ground that it was barred by the one-year statute of limitations under Code, § 8-24.

The pertinent allegations in the motion for judgment are these:

On April 1, 1953, the plaintiff, Progressive Realty Corporation, purchased of the defendants, Ethel M. and W. Roger Meador, a

certain lot with the buildings thereon known as number 2000 West Marshall street, in the city of Richmond, for the sum of $150,000 cash. One of the material inducements for the plaintiff's purchase of the property was its "belief induced by the defendants" that the freight elevator in the building was in good condition, that it conformed in all respects to the ordinances of the city of Richmond regulating the installation and maintenance of such elevators, and that it was suitable for the transportation of heavy articles of merchandise and persons, to which use the defendants knew it would be put by the plaintiff.

Although the plaintiff "was led" by the defendants "to believe * * * and did believe," at the time it purchased the property, that the elevator was adequate in all respects for the use which the plaintiff desired to make of it, it was in fact defective and had been condemned as unfit for such use by the proper officials of the city of Richmond who had so notified the defendants prior to the sale of the property by them to the plaintiff. The concealment by the defendants of these material facts relating to the condition of the elevator amounted to a fraud upon the plaintiff "at and before the time of the sale of the * * * property * * * and the payment by the plaintiff" of the purchase price therefor.

Had the plaintiff known of the defective condition of the elevator it would not have purchased the property unless and until the defendants had replaced it, or "had made a reduction in the sale price of the property" in the amount of $5,000, that being the cost of replacing the elevator. The plaintiff claimed damages in this amount.

The defendants filed a special plea averring that the plaintiff's cause of action had been barred by the one-year statute of limitations. The lower court sustained this plea and dismissed the motion.

The plaintiff concedes that its cause of action accrued on April 1, 1953, the date the purchase of the property was consummated, and that process was served on the defendants more than one year thereafter. But it insists that the five-year and not the one-year limitation applies.

A determination of the matter turns upon the proper interpretation of Code, §§ 8-24 and 64-135.

Code, § 8-24, reads: *"Of actions not before specified.*—Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in

case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

Code, § 64-135, reads: *"For goods carried away, waste, or damage to estate of or by decedent.*—An action of trespass or trespass on the case may be maintained by or against a personal representative for the taking or carrying away any goods or for the waste or destruction of, or damage to, any estate of or by his decedent."

Whether the five-year or one-year limitation provided for in section 8-24 applies depends upon whether the cause of action be of such nature that it would survive. If the action would survive the limitation is five years, but if it would not survive the limitation is one year.

In *Winston* v. *Gordon*, 115 Va. 899, 915, 916, 80 S. E. 756, 763, we quoted with approval the rule in Graves on Pleading, page 16, that those actions which survive are " 'Those for wrong to property, real or personal, or which grow out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong, apart from property or contract.' " See also, *Trust Company of Norfolk* v. *Fletcher*, 152 Va. 868, 877, 878, 148 S. E. 785, 73 A. L. R. 1111; *Westover Court Corp.* v. *Eley*, 185 Va. 718, 722, 40 S. E. (2d) 177, 179.

In the present case the plaintiff insists that its action is for damage to its property or estate within the meaning of section 64-135, and consequently that it would survive under the rule laid down in *Winston* v. *Gordon, supra.* On the other hand, the defendants say that the plaintiff's action is one to recover damages for fraud and deceit, that is, that it is a "purely personal wrong, apart from property," which would not survive under the rule laid down in *Winston* v. *Gordon, supra.*

In *Lee's Adm'r* v. *Hill*, 87 Va. 497, 503, 12 S. E. 1052, 24 Am. St. Rep. 666, decided in 1891, we said that section 64-135 was remedial and should be liberally construed. See also, *Watson* v. *Daniel*, 165 Va. 564, 568, 183 S. E. 183, 185; *Barnes Coal Corp.* v. *Retail Coal Merchants Ass'n*, 4th Cir., 128 F. (2d) 645, 650, 651.

In 1 Am. Jur., Abatement and Revival, § 115, p. 85, it is said that "The trend of decisions under American statutes favors the survival of causes of action ex delicto for fraud and deceit inducing the sale or purchase of property."

In *Trust Company of Norfolk* v. *Fletcher, supra*, we held that

an action for fraud and misrepresentation inducing the plaintiff to buy worthless stock was a direct injury to his property or estate within the meaning of section 64-135. We said that "By fraud and misrepresentation of the defendant the plaintiff was deprived of the possession of his property, and the specific property of the plaintiff was taken and appropriated to defendant's use." Consequently we held that the plaintiff's action would survive and the five-year statute of limitations applied to it. 152 Va., at pages 876, 877, 878.

The same principle applies here, where by the alleged fraud of the defendants the plaintiff was induced to buy property worth less than the plaintiff was led to believe it was worth.

*Westover Court Corp.* v. *Eley, supra,* is strikingly similar to the present case. There the plaintiffs purchased a dwelling, which had not been completed, upon the representation of the defendant that an adequate heating plant would be installed therein. After the building had been completed and occupied by the plaintiffs it was found that the heating plant was not adequate. The plaintiffs brought a suit against the defendant for damages alleged to have been suffered by reason of the false representations of the defendant as to the sufficiency of the heating system. There was a judgment for the plaintiffs and on a writ of error awarded the defendant we held that the action of the plaintiffs was for "a direct damage to their property and estate," to which the five-year statute of limitations applied. 185 Va., at page 722, 40 S. E. (2d), at page 179.

The case now before us is controlled by the principles laid down in *Trust Company of Norfolk* v. *Fletcher, supra,* and *Westover Court Corp.* v. *Eley, supra.* Nothing was said in *Richmond Redevelopment & Housing Authority* v. *Laburnum Construction Co.,* 195 Va. 827, 80 S. E. (2d) 574, to change or modify these principles.

For these reasons we are of opinion that the lower court erred in sustaining the plea of the statute of limitations. Accordingly, the judgment is reversed and the case remanded for further proceedings in conformity with the principles here stated.

*Reversed and remanded.*