## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Mrs. J. R. Neese et al.

v.

E. Robie Sturtevant, etc.

May 14, 1959

Case No. (Law) 479

BY JUDGE H. W. MACKENZIE, JR.

The plea of the statute of limitations in this case raises the issue whether the negligent preparation of a body for burial by an undertaker is a cause of action which survives the death of either party whose legal rights are involved therein. The action here is treated by both parties as *ex delicto*, and both agree that at common law, it would abate upon the death of either.

Code § 64-135 provides that an action of trespass or trespass on the case may be maintained by or against a personal representative for the taking or carrying away any goods or for its waste or destruction of, or damage to, any estate of or by his decedent. Thus the question is whether the plaintiffs in this suit, members of the family of the decedent, had such a property right in his body that its negligent preparation for burial would amount to "destruction of or damage to, any estate of or by ... decedent." Or more simply, if either the plaintiffs or the defendant in this suit should die before final judgment, would the cause of action die with them?

The rights of the family in the body of a relative are stated in *Sanford v. Ware*, 191 Va. 43 (1950), as follows: "Although there is no right of property in a commercial sense in the dead body of a human being, the right to bury and preserve the remains is recognized and protected as a quasi-property right."

In the opinion of the court, this quasi property right which will support a tort action for indignities to a body is not an "estate" within the meaning of Code § 64-135. The basis upon which compensation is allowed near-relatives is not the lowering or destruction of the value of the body (for it has no monetary value), or the lessening of the value of the near-relatives' estate by

the commission of the tort, but rather the offense against their sensibilities and the mental suffering they undergo when such a tort occurs. In this sense, the damage is more akin to that resulting from personal injury or malicious prosecution than it is to destruction or diminution of the value of one's possessions. The Supreme Court of Appeals has quoted with approval in *Winston v. Gordon*, 115 Va. 899 (1914), and *Progressive Realty Corp v. Meador*, 197 Va. 807 (1956), the following test for those actions which survive from Graves on *Pleading*, p. 16: "Those for wrong to property, real or personal, or which grows out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong, apart from property or contract."

In its essence, any wrong committed to a dead body finds its chief compensable damage in the feelings of the near relatives. Should such relative die before their claims are reduced to judgment, there seems to be no sound reason for allowing those claims to be perpetuated in their personal representatives, and a proper construction of the statute does not so require.

It follows that the action became barred after one year under Code § 8-24, and the plea of the statute of limitations is sustained.