Bruce STAUFFER

v.

FREDERICKSBURG RAMADA, INC.,
et al.

Civ. A. No. 76–0024–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 8, 1976.

Francis J. Pelland, Washington, D. C., John C. Moore, Richmond, Va., for plaintiff.

William M. Sokol, Fredericksburg, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

On 10 February 1976 defendants herein moved this Court to dismiss the above-styled action pursuant to Fed.R.Civ.P. 12(b). Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, this being a matter in controversy which exceeds the sum or value of $10,000 exclusive of inter-

ests and costs between plaintiff, a resident of Maryland and defendants Wishner, Sales and Miller, all residents of Virginia, and defendant Fredericksburg Ramada, Inc., a business incorporated, and with its principal place of business, in Virginia.

The complaint alleges the following: In the fall of 1970 plaintiff and defendants Wishner, Sale and Miller entered into an agreement to form a corporation for the purpose of constructing and owning a Ramada Inn to be located in the City of Fredericksburg. In furtherance of the agreement, plaintiff undertook certain specified activities and incurred certain specified expenses. On 23 September 1971 defendant Wishner, on behalf of all the individual defendants, advised plaintiff that they did not intend to honor their agreement with plaintiff. On 9 November 1971 said defendants formed defendant Fredericksburg Ramada, Inc., without plaintiff's participation. As a result thereof plaintiff has suffered damages for which he seeks relief on the basis of breach of contract and conspiracy to induce the same.

In plaintiff's brief in opposition to defendant's motion to dismiss, plaintiff submits that, in addition to the above counts, the substantive allegations of the complaint effectively allege the creation of a partnership between plaintiff and defendants and that dissolution thereof occurred when plaintiff was improperly expelled from the business undertaking. On this count plaintiff seeks relief in the form of an accounting.

Defendants' motion to dismiss submits that, assuming plaintiff's allegations to be true, the complaint is nevertheless barred by the statute of limitations. This Court concurs.

Va.Code Ann. § 8–13 (Repl.Vol.1967) states the statute of limitations for a written contract is five years. The statute of limitations for any other express or implied contract is three years. The cause of action herein at the latest accrued in November of 1971. The complaint was filed in January 1976.

The agreement herein, if any, was verbal. The written documents submitted as exhibits by plaintiff, whether construed separately or together, do not indicate, in the slightest that the parties intended said documents to constitute a written contract. Thus, any action at law brought for breach of the alleged agreement had to have been filed with the Court within three years after the accrual thereof or else be time barred by Code Section 8–13, *supra*. Since this action was not filed within three years of the breach, the breach of contract claim is unenforceable.

As mentioned, the complaint does not allege a partnership. It alleges "an agreement to form a corporation for the purpose of constructing and owning a Ramada Inn." Every contract to do something with another does not create a partnership with its consequent fiduciary relationship. Even assuming, however, the existence of a partnership contract, it was not in writing and would be governed by the three year statute of limitations. Since the breach was at the latest 9 November 1971, this claim is also time barred.

Plaintiff says that the conspiracy to breach a contract claim is governed by the five year limitation period in Section 8–13, *supra,* and cites *Worrie v. Boze,* 198 Va. 533, 95 S.E.2d 192 (1956), in support of this contention.

Defendants counter that since, as this Court has found, no action can be maintained to recover upon the alleged oral agreement, a fortiori no action can be maintained on the derivative claim of "conspiracy" to breach the agreement. Otherwise, say defendants, an anomaly would exist whereby a plaintiff, barred by the statute of limitations from enforcing an oral contract, could, as against multiple defendants, circumvent the statute and the policy it is designed to promote merely by alleging conspiracy to breach that contract.

The Court respects the logic of plaintiff's argument, but is confronted with the seemingly contrary holding of *Worrie v. Boze, supra,* which is controlling in this case. The

Court in *Worrie* held that an action in tort will lie against those who conspire to induce the breach of a contract, that one may conspire with others to breach a contract to which he is a party, and that the statute of limitations for this tort is five years.

At first blush this case appears to be dispositive as to the cognizability of the conspiracy claim in favor of plaintiff. Seemingly, defendants herein were legally capable of conspiring together to breach their alleged contract with plaintiff and were legally liable under any action brought within 5 years of the accrual of the tort cause of action.[1]

The Court has trouble with the concept that a party to a contract can be liable in tort for conspiracy to breach that contract. But this is clearly the law in *Worrie v. Boze.* There is, however, a crucial distinction between *Worrie* and the instant case. In *Worrie* the defendant party to the contract was charged with conspiring to breach the same with a defendant not a party to the contract. In the instant case all individua defendants were parties to the alleged agreement which they were charged with conspiring to breach.[2] This factual distinction has important legal consequences with regard to the tort action alleged herein.

■ The action charged is "conspiracy to induce breach of the contract between plaintiff and the individual defendants." To begin with, conspiracy is not a tort in itself:

 .  .  . [T]he mere agreement to do a wrongful act can never alone amount to a tort  .  .  . ; some act must be committed by one of the parties in pursuance of the agreement which is itself a tort.

Prosser, *Handbook of the Law of Torts,* § 47 at p. 293 (1971).

The essence of the tort here in question is interference with contractual relations. Its origin is the Queens Bench decision of *Lumley v. Gye,* 2 El. & Bl. 216, 118 Eng.Rep. 749 (1853). In that famous case a competitor had induced opera star Johanna Wagner to breach her contract to perform for plaintiff. The Court held that, as between contracting parties, the contract itself provided a sufficient remedy. To compensate for the wrong done by the noncontracting party in inducing breach of contract, however, the Court felt a tort action was required. Hence, consistent with the reasoning behind the origin of this action the law has developed that "the defendant's breach of his own contract with plaintiff is of course not the basis of the tort." Prosser, *supra,* § 129 at p. 934.

■ Since the tort required collusion between two or more parties the ancillary action of conspiracy to induce breach of contract was naturally parented thereby. In a number of jurisdictions, including Virginia, this tort of conspiracy adds a peculiar twist to the parent breach—parties to a contract have been held liable for conspiracy to induce breach thereof on the theory that co-conspirators are jointly and severally liable for all damages resulting from the conspiracy. *Worrie v. Boze, supra* at 544, 95 S.E.2d at 198. Determinative herein, however, all the elements of the tort, interference with a contract, which is the subject of the conspiracy must be present in order to have an actionable conspiracy to commit the same.

Cited in *Worrie v. Boze,* at p. 540, 95 S.E.2d at 198, under the general topic of "Conspiracy" and sub-topic of "Combina-

1. With respect to defendants argument that this tort should not have a live independent of the contract action from which it derives, Dean William L. Prosser states that:

The agreement need not  .  .  . be enforceable by the plaintiff as a contract. Even under the old statute of labourers, from which the remedy is descended, labor was compulsory, and it was *interference with the*

*relation which was the essence of the tort,* so that no binding agreement for service was required (emphasis added). Prosser, *Handbook of the Law of Torts,* § 129 at p. 932 (1971).

2. The corporate defendant is not charged in the complaint with complicity in the conspiracy.

tions to Procure Breach of Contract," *Corpus Juris Secundum* reads:

> The decisions allowing a civil action for procuring a breach of contract proceed on the theory that a contract right is property which is to be protected against undue influence by persons *not parties thereto* since such action on their part is a direct invasion of this right.

> \*　　\*　　\*　　\*　　\*　　\*

> There is a conflict of authority as to whether a person may be held liable for conspiring to breach his own contract. Some courts take the position that a party to a contract cannot be charged with, or held responsible for, conspiring to bring about a breach of that contract, and, in accordance with this view, one contracting party has no cause of action against another contracting party for conspiracy to breach their agreement; the remedy that is available is an action on the contract. The position taken by other courts is that an action for conspiracy to induce a breach of contract may be maintained against a party to the contract who is *included among the conspirators* and it has been held that *if the maker of a contract combines with others to break the contract, their conduct is a conspiracy which entitles the other party to the contract to recover against the conspirators any damages he may sustain.* (emphasis added). 15A C.J.S. *Conspiracy* § 13 (1967).

■ So although in some jurisdictions (including Virginia) a party to the contract may be held liable as a co-conspirator to induce breach of the same, in every jurisdiction there must be a person not a party to the contract among the conspirators in order to satisfy the elements of the underlying tort.

As noted, such was the case in *Worrie v. Boze.* True, the defendants involved in that case each had similar contracts with the plaintiff, but the Court noted that the action was founded upon a conspiracy between defendants to breach a single contract to which one defendant was a party and the other was not:

> In the present case the issues are, (1) did Worrie and Baily conspire to breach Worrie's contract with plaintiffs and (2) if so, were the plaintiffs entitled to damages for the illegal acts of Worrie and Baily done pursuant to such conspiracy? These issues were not involved in the first suit. That suit involved no question of conspiracy between the two defendants to violate either of their contracts with plaintiffs. There the plaintiffs sought merely to restrain each of the defendants from violating his contract with them. *Worrie v. Boze, supra,* at 538, 95 S.E.2d at 197.

In every case cited by the Court in *Worrie* in support of the position that a party to a contract may be liable for conspiracy to breach the same the factual setting included a conspirator who was not a party to the contract. *Falstaff Brewing Corp. v. Iowa Fruit and Produce Co.,* 112 F.2d 101 (8th Cir. 1940); *Motley, Green & Co. v. Detroit Steel & Spring Co.,* 161 F. 389 (2 Cir. 1908); *Charles v. Texas,* 199 S.C. 156, 18 S.E.2d 719 (1942); *Wade v. Culp,* 107 Ind.App. 503, 23 N.E.2d 615 (1939); *Hendricks v. Forshey,* 81 W.Va. 263, 94 S.E. 747 (1915). This was not coincidence. The language in the above cases, particularly that of *Hendricks v. Forshey, supra,* indicates that the various Courts knew well the essential elements of the underlying tort in each of these conspiracy cases—that a person not a party to the contract take part in the conspiracy to induce a breach of that contract.

■ The allegations of the complaint in the instant case undisputably show that all the individual defendants were parties to the alleged agreement that plaintiff claims has been breached. Thus, as a matter of law, the complaint fails to state a cause of action as to this count.

For these and the foregoing reasons this Court shall, in accordance with Fed.R.Civ.P. 12(b)(6) treat defendant's motion to dismiss as a motion for summary judgment and grant the same.

An appropriate order shall issue.