**Henry T. GRIFFITH, Plaintiff,**

**v.**

**ELECTROLUX CORP., Defendant.**

**No. CA77–0196–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 11, 1978.

George W. Warren, IV, Richmond, Va., for plaintiff.

James H. Walsh, J. Robert Brame, III, McGuire, Woods & Battle, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff Henry T. Griffith, a citizen of the Commonwealth of Virginia and a former Electrolux vacuum cleaner salesman, brings this action against his former employer Electrolux Corporation, whose principal offices are in Stanford, Connecticut, and which is a division of Consolidated Foods Corporation, a Maryland corporation, with its principal place of business in Chicago, Illinois. Plaintiff alleges three distinct causes of action: (1) breach of contract; (2) tortious interference with a business relationship; and (3) libel and slander. Jurisdiction over all causes of action is grounded in diversity of citizenship, 28 U.S.C. § 1332.

Following extensive discovery, the defendant filed a motion for summary judgment accompanied by a sixty-four page

brief.[1] Oral argument was held on the motion, and the matter is now ripe for disposition. For the reasons which follow, the defendant's motion for summary judgment will be granted as to plaintiff's claims for breach of contract and tortious interference with a business relationship, and will be denied as to plaintiff's claim for libel and slander.

The file reflects the following undisputed facts: Plaintiff was first employed by Electrolux as a vacuum cleaner salesman in November of 1954. He was terminated sometime in the late 1950's or early 1960's, based on reports that he was engaging in price-cutting and other violations of the defendant's established sales policies. He was, however, reinstated approximately eighteen months later, after agreeing to adhere strictly to all company sales policies. He continued as an Electrolux salesman until April 7, 1976, when Electrolux advised him by letter that he was terminated.

Defendant contends that plaintiff was terminated for serious violations of company rules. Plaintiff contends that he was terminated because competing Electrolux salesmen were envious of his success and wanted to get him out of the field. It is not disputed, however, that plaintiff was at all times employed pursuant to an oral hiring agreement which made no provision for any specific duration of term.

Against this brief factual background, the Court will proceed to address the plaintiff's three claims seriatim.

### I.

Plaintiff's first claim is for breach of contract. The law is well established in Virginia, however, that a contract for personal services which does not specify any term or duration of employment is terminable at will by either party upon a giving of reasonable notice.[2] *E.g., Plaskitt v. Black Diamond Trailer Co.,* 209 Va. 460, 164 S.E.2d 645 (1968); *Stutzman v. C. A. Nash*

*& Son,* 189 Va. 438, 53 S.E.2d 45 (1949); *Stonega Coal and Coke Co. v. Louisville & Nashville R. Co.,* 106 Va. 223, 53 S.E. 551 (1906). As jurisdiction of this case is founded solely on diversity, the Court is bound to follow the laws of Virginia. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the Virginia rule, plaintiff's contract was terminable at will by the defendant and the reasons for the termination are immaterial.

Plaintiff acknowledges that the Court is bound by Virginia law, but at oral argument his counsel urged the Court to determine what Virginia courts would do today rather than to apply mechanically the rules heretofore followed. Counsel correctly points out that the rule was last enunciated in *Plaskitt v. Black Diamond Trailer Co., supra,* nearly ten years ago. If the Supreme Court of Virginia were to decide the issue today, counsel urges, it would apply what he refers to as the more modern rule set forth in Justice Gordon's separate opinion in *Plaskitt.* Under that rule, the Court could potentially hold that a contract for an indefinite term, such as the one at bar, "should continue in effect for a reasonable period of time." 164 S.E.2d at 652.

Whatever the merits of the rule favored by Justice Gordon, the fact of the matter is that the Supreme Court of Virginia has not yet seen fit to adopt it. Any change in the present rule, which has been in effect for more than seventy years, must be left to the body which has power to so do, the Supreme Court of Virginia. Under the established rule, plaintiff's contract with defendant was terminable at will, and it follows that summary judgment must be entered against him on his breach of contract claim.

### II.

Plaintiff's second claim is for tortious interference with a business relationship. As stated in the complaint, the gist of the

---

1. While a thorough briefing of issues is desirable, a sixty-four page brief on uncomplicated issues such as the ones in the instant case seems excessive.

2. The adequacy of the notice to plaintiff has not been put in issue by plaintiff, and will therefore not be addressed by the Court.

claim is that various employees, agents and officials of Electrolux conspired to destroy plaintiff's business as an Electrolux salesman by preparing and circulating false reports and affidavits about him for purposes of having him discharged. The defendant corporation's role in the alleged conspiracy, plaintiff contends, is that it ratified the false reports and affidavits by using them as a basis for terminating him.

██ Virginia does recognize an action in tort against those who conspire to induce the breach of a contract; and such an action will lie even against a party who conspires to breach his own contract. *Worrie v. Boze,* 198 Va. 533, 95 S.E.2d 192 (1956). Unfortunately for plaintiff, his claim on this ground is fatally flawed. It is basic hornbook law that it takes at least two persons to make up a conspiracy. A corporation therefore cannot conspire with itself, any more than an individual can conspire with himself. In the instant case, the defendant corporation's alleged co-conspirators were all agents, officers or employees of the defendant corporation, "acting within the scope, nature and authority of their employment with Electrolux . . ." (Complaint, ¶ 13.) Since a corporation can act only through its agents, officers and employees, a "conspiracy" between a corporation and agents of the corporation acting within the scope of their employment is a legal impossibility. *Nelson Radio and Supply Co. v. Motorola,* 200 F.2d 911, 914 (5th Cir. 1952); *Bull v. Logetronics, Inc.,* 323 F.Supp. 115, 131 (E.D.Va.1971).

██ A slightly different approach to the same problem is to say that an action for conspiracy to induce the breach of a contract cannot be maintained unless at least one participant in the alleged conspiracy is not a party to the contract. *Stauffer v. Fredericksburg Ramada, Inc.,* 411 F.Supp. 1136, 1138–39 (E.D.Va.1976) (specifically construing *Worrie v. Boze, supra* ). In the instant case, every alleged co-conspirator was an employee, agent or officer of the defendant corporation, and was in that sense a party to the contract.

Whichever approach is adopted, plaintiff has not stated a cause of action for conspir-

acy to induce the breach of a contract. A corporation cannot conspire with its own agents, and the tort does not encompass a situation in which all of the alleged co-conspirators are parties to the breached contract. It follows therefore that summary judgment must be entered against plaintiff on his second claim.

### III.

Plaintiff's third claim is for libel and slander. He alleges that following his termination the defendant "knowingly and maliciously broadcast false and slanderous statements to the effect that plaintiff had been discharged from its employ because he is a thief, was selling stolen property and had cheated customers," and that defendant "prepared and disseminated false, malicious and libelous 'affidavits' purporting to show that plaintiff was guilty of dishonest and oppressive behavior in conducting his sales efforts for Electrolux." (Complaint, ¶ 11.) Although the deposition testimony thus far taken has not precisely confirmed the allegations in plaintiff's complaint, defendant acknowledges that Electrolux representatives calling on plaintiff's former customers after his discharge used the term "blackmail" or "black market" in a conversation with one of plaintiff's customers, and told another customer that the vacuum cleaner which plaintiff sold him might be stolen.

Defendant seeks to protect itself against the libel and slander charges by asserting a qualified privilege. This privilege, as described by defendant, "extends to all *bona fide* communications upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty." (Brief in Support of Defendant's Motion for Summary Judgment, filed March 31, 1978, at 52.) Defendant further states that the burden is on the plaintiff to prove an abuse of the privilege, which plaintiff can do only by showing actual malice. Moreover, while denying any malice, defendant contends that even a showing of actual malice would not avail the plaintiff here because there is no evidence that the alleged defamatory state-

ments were directed or ratified by the defendant corporation. Finally, defendant argues that plaintiff cannot recover because he has failed to specify any "actual" damages, but has expressly limited his damage claims to "presumed" damages, which defendant states are no longer recoverable.

Without endorsing defendant's view of the law, the Court concludes that even under defendant's legal theory, there remain genuine issues of material fact which preclude summary judgment on the issue of libel and slander. Even the extensive discovery thus far taken in this case leaves unanswered important questions of fact concerning exactly what was said, and why, and by whom, and with what state of mind; and whether the defendant directed or ratified the defamatory remarks, if any; and, if defamation is proved, whether the plaintiff suffered any recoverable damages. In light of these material factual issues, the parties should prepare to proceed to trial on plaintiff's claim of libel and slander.