## CIRCUIT COURT OF THE CITY OF NORFOLK

S. B. Ballard
Construction Co.

v.

LGS Group, L.L.C., et al.

May 21, 2009

Case No. (Civil) CL08-6445

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed an amended complaint for breach of contract and various tort claims against LGS Group, L.L.C. ("LGS Group") with which it had a contract, two affiliated entities, and two employees. LGS Group and one of the affiliated entities, LGS Consulting, have demurred.

### The Demurrer of LGS Group

LGS Group demurs to the plaintiff's claims for conspiracy to breach the contract (Count IV) and fraud in the inducement (Counts VI and VII). The allegation supporting the claims in Counts IV and VI is LGS Group's assignment or subcontracting of its duties to an affiliated entity. The claim in Count VII is the submission of allegedly false payrolls.

The Supreme Court of Virginia has frequently warned against efforts to turn a breach of contract into a tort. In perhaps the leading case, *Richmond Metropolitan Auth. v. McDevitt*, 256 Va. 553, 507 S.E.2d 344 (1998), the Court held that a tort claim must arise from a common law duty, not one existing between the parties solely by virtue of the contract. Every duty the

plaintiff claims LGS Group violated in the counts at issue arose solely *ex contractu*. The duty not to assign and the duty to submit appropriate applications for payment do not arise at common law.

In *Richmond Metropolitan Authority*, the Supreme Court did distinguish claims for fraud in the inducement. Here, however, the complaint clearly shows this is not a case of fraud in the inducement. The contract price between the plaintiff and LGS Group was $909,600; the plaintiff seeks $196,502 in damages. The facts stated in the pleadings indicate substantial work was done.

It is true that a conspiracy to breach a contract is an independent tort and that a party to the contract can be liable. *Worrie v. Boze*, 198 Va. 533, 95 S.E.2d 192 (1956). There, however, two employees that left their employment and went into competition with their former employer. They conspired to breach their common law duty of loyalty. Here, we have an assignment of a contract between affiliated entities in violation of the contract, but not of a common law duty. I do not believe the tort of conspiracy to breach a contract is intended to cover an assignment of a contract. I sustain LGS Group's demurrer without leave to further amend.

### The Demurrer of LGS Consulting

LGS Consulting demurs to all the claims against it: breach of contract (Count III), conspiracy to breach the contract (Count IV), tortious interference with contract (Count V), and fraud in the inducement (Count VII). What I have written above concerning conspiracy to breach the contract applies to the demurrer of LGS Consulting as well.

The fraud in the inducement claim against LGS Consulting is also based upon the allegedly false payroll submissions. If LGS Consulting submitted false payrolls to the plaintiff, the breach of duty arose out of the contract. The specific allegation is a misrepresentation of the hourly wage and the number of hours worked. This is not a violation of a common law duty.

An assignor may not escape responsibility for its duties by assignment. The assignor remains liable to the obligee absent a novation. This is hornbook law. Thus, an assignment by LGS Group to LGS Consulting does not relieve LGS Group of its obligation to the plaintiff. Given this, the assignment could not cause a breach or termination of the plaintiff's relationship with or expectancy of LGS Group. The assignment of a contract is not a tort. I sustain LGS Consulting's demurrer to Counts IV, V, and VII without leave to further amend.

The plaintiff sues LGS Consulting for breach of contract alleging that, "as the alter ego of LGS Group," it accepted the assignment of the contract and further assigned it without the plaintiff's consent. I agree with the plaintiff that there is no heightened pleading requirement for an allegation of *alter ego* as there is for defamation or fraud, but I also agree that an allegation of an unauthorized assignment and the use of the phrase "*alter ego*" do not suffice. I sustain the demurrer to this Count with leave to further amend.

Mr. Whittaker shall prepare the appropriate order giving the plaintiff leave to amend only Count III within twenty-one days.