# CIRCUIT COURT OF THE CITY OF SALEM

Emad I. Atta

v.

James Kelly,
individually and
in his capacity as
owner of Western Virginia
OB/GYN Centers, L.L.C.

February 3, 2012

Case No. CL11-222

By Judge Robert P. Doherty, Jr.

Plaintiff physician, *pro se*, filed a complaint against Defendant physician, individually and as owner of an OB/GYN practice group, for tortious interference with his contract with a local hospital. Plaintiff states that Defendant used his position as chairperson of the OB/GYN department of the hospital to improperly place restrictions on Plaintiff, to lie about him, and to help alter hospital records, all of which resulted in Plaintiff's losing his hospital privileges. Plaintiff further alleges that Defendant took these actions in order to prevent Plaintiff from competing with Defendant's OB/GYN practice. Plaintiff claims that the loss of his hospital privileges caused him to be in breach of his contract with the hospital, for which he suffered damages.

Defendant demurred, filed a special plea to the statute of limitations, and filed a special plea claiming both federal and state statutory immunity for having testified before a professional review body concerning the competence, professional conduct, and qualifications of Plaintiff for hospital privileges.

## Statute of Limitations

Plaintiff filed his complaint alleging a single count of tortious interference with contract on May 17, 2011. He states in his pleading that the actions

of Defendant that interfered with his contract occurred "during and after May 2008." The filing of Plaintiff's action occurred three years from the commencement of his right of action. The question of whether or not the statute of limitations ran before Plaintiff filed his lawsuit depends on whether his claim is for an injury to his person or to his property. If the interference alleged resulted in a personal injury or some sort of defamatory injury to Plaintiff's reputation, then the action is personal and the two year statute of limitations contained in § 8.01-243(A), Code of Virginia (1950), as amended applies. If the action is for injury to Plaintiff's property rights, then the five-year statute of limitations contained in subsection (B) of § 8.01-243 applies.

Plaintiff does not claim an injury to his person or his reputation in his pleadings. His only allegation is that Defendant improperly caused his hospital privileges to be suspended, thereby tortiously interfering with Plaintiff's contract with the hospital and causing Plaintiff to breach it. That is not a claim for injures of a personal nature. "It is well settled that the right to performance of a contract and the right to reap profits therefrom are property rights which are entitled to protection in the courts." *Worrie v. Boze*, 198 Va. 533, 536 (1956). For a simpler analysis of the periods of limitations using the current version of the statute, see *Hueston v. Kizer*, 2008 Va. Cir. LEXIS 280, 20-25 (Hanover County, May 29, 2008).

Plaintiff has alleged injury to a property right. The five-year statute of limitations applies. Defendant's special plea to the statute of limitations is denied.

### Statutory Immunity

Defendant claims that, even if he did conduct himself as Plaintiff alleges, he is afforded statutory immunity for those actions. Defendant relies upon the federal and state qualified immunity available pursuant to 42 U.S.C. § 11111 and § 8.01-581.16, Code of Virginia (1950), as amended. Both of those statutes provide immunity to a person giving information concerning a physician to a professional review body regarding the competence, professional conduct, or qualification for professional staff privileges of that physician. However, both of those statutes contain significant exclusions for persons knowingly providing false information or testifying in bad faith or with malicious intent.

Plaintiff's pleading, although poorly drawn and containing irrelevant allegations and conclusory statements, makes a basic assertion that Defendant's actions were improper because of his desire to prevent competition; that he testified falsely; that he viciously and intentionally withheld vital information from, and manipulated facts before, a credentialing committee; that he was involved in deleting documents from a patient's chart to enforce the suspension; and that he used his administrative

powers as chairman of OB/GYN within the hospital to obstruct and hinder Plaintiff's performance under his contract with the hospital. These are sufficient allegations that, if true, tend to undermine the grant of statutory immunity.

The Court recognizes that many of these allegations are conclusory statements and "fails to allege facts from which one could infer bad faith or malicious intent." *Lewis-Gale Medical Center v. Alldredge,* 282 Va. 141, 151 (2011). If that were the only problem with the pleadings, the Court would consider ordering a Bill of Particulars and wait until receiving the necessary factual allegations to rule on the question of statutory immunity. Since this is not the only problem with the pleadings, the Court takes its decision under advisement concerning the grant of statutory immunity pending clarification of the factual issues raised.

*Demurrer*

Defendant has demurred to Plaintiff's claim on four grounds: (1) Plaintiff "has not pleaded the existence of a third party interfering with his contract with the hospital;" (2) Plaintiff "does not allege that [Defendant] knew of any contract between the plaintiff and the Hospital"; (3) the Complaint "does not allege an actual breach or termination of his contract with the hospital;" and, (4) Plaintiff "affirmatively pleads himself out of a cause of action by alleging the absence of any disciplinary action taken by the hospital."

Defendant alleges that he is not a third party who could interfere with Plaintiff's contract because, in his capacity as chairman of the OB/GYN department of the hospital, he was acting as an agent of the hospital while participating in the peer review process. An agent of the hospital cannot tortiously interfere with his principal's contract. *Fox v. Deese,* 234 Va. 412, 427-29 (1987). An exception to that concept is when the agent uses "improper methods" as contemplated in *Lewis-Gale Medical Center, L.L.C. v. Alldredge, supra.* Whether improper methods were used cannot be determined from Plaintiff's complaint, as he does not allege sufficient facts from which conclusions can be drawn. Rather, he simply alleges conclusions.

Plaintiff does not allege anywhere in his complaint that Defendant knew of his contract with the hospital or what the purpose or terms of the contract may have been. Plaintiff's complaint, although poorly drafted, can be read to conclude that Plaintiff has alleged that Defendant caused Plaintiff's hospital privileges to be permanently suspended, thereby causing the hospital to accuse Defendant of breach of contract. What that contract may have been or whether Defendant was ultimately held to be in breach of his contract with the hospital is not stated.

Finally, Defendant argues that Plaintiff's irrelevant claim that the Board of Medicine did not find that disciplinary actions had been taken against Plaintiff for his loss of hospital privileges amounts to a denial of damages by Plaintiff. In fact, a breach of contract by a physician with a hospital is not the same as a physician being disciplined for violation of his professional rules or obligations. It is like comparing apples to oranges. Plaintiff does, in fact, allege that he suffered an injury resulting in damages from the breach of contract.

After considering the pleadings, the conclusory statements contained in the complaint that prevent a ruling on Defendant's claim of statutory immunity, and the written arguments of counsel and *pro se* Plaintiff, the Court sustains Defendant's demurrer. Plaintiff will have thirty days from the date of this letter opinion to file an amended complaint.