## Richmond.

Newport News, Hampton and Old Point Development Co.
v. Newport News Street Railway Company.

March 16, 1899.

Absent, Cardwell, J.

1. Statute of Frauds—*Written Contracts—Resolutions of Directors—Completed Contract.*—A resolution of the board of directors of a corporation duly signed by its President and Secretary, which sufficiently sets forth the terms of the contract, is a compliance with the statute of frauds as to contracts for the sale of real estate. But when such a resolution is relied on as the evidence of a written agreement, it must, like other written contracts, show on its face a complete and concluded agreement between the parties. Nothing must be left open for future settlement or agreement.

Error to a judgment of the Law and Equity Court of the city of Richmond rendered November 5, 1897, in an action of *assumpsit* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Bev. T. Crump* and *Leake & Carter*, for the plaintiff in error.

*H. Taylor, Jr.,* and *A. S. Segar*, for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought to recover on an alleged contract of the plaintiff in error to contribute or donate the sum of $2,500 in money, and thirteen lots, of the value of $2,500, towards the construction of a street railway by the defendant in error, through the lands of the plaintiff in error.

There was a demurrer to the declaration, the general issue pleaded, a plea of the statute of limitations, and two pleas setting up the statute of frauds. A jury was waived, the whole matter of law and fact submitted to the court, and judgment given for the defendant in error for $5,000, and interest.

To avoid the plea of the statute of limitations, that relied on being three years, the defendant in error insisted that the contract was in writing and signed by the party to be charged thereby, and that its claim is therefore not barred for five years from the time the right of action accrued.

In support of this contention the following resolution of the board of directors of the plaintiff in error, signed by its president and secretary, is vouched:

" Resolved, That this company donate to the Newport News Street Railway (being the line proposed to be constructed by Mr. Darling from Hampton to Newport News) for the purpose of continuing their line through the property of this company, the sum of $2,500 in money, and thirteen lots in the plan of the company, said lots to be selected by the executive committee, the money to be paid out, and the lots to be deeded, under such conditions, and at such times as the executive committee may agree upon with the representatives of the said electric line.

" That the president and secretary have printed in the form of a circular, and mailed to each stockholder of this company, with a proper form of approval for signature, the resolution above mentioned, or a resolution of similar import, with the statement that the board of directors recommend its adoption, and, upon its approval in that manner by the stockholders of this company, the said resolution shall stand as adopted by this company, and

the executive committee shall be authorized to proceed under the said resolution."

The following form was ordered to be sent to each stockholder:

" I hereby signify my approval of the resolution of the board of directors, adopted at the meeting held at Newport News on July 13, 1892, for the subscription by the Newport News, Hampton and Old Point Development Company of twenty-five hundred ($2,500) in cash, and thirteen lots.   The said cash and lots to be given upon such conditions as may be prescribed by the executive committee of the Newport News, Hampton and Old Point Devel. Co.

" I am the owner of        shares of stock.

" Given under my hand and seal this        day of        1892.

(Seal.)

" No further business appearing, the board adjourned.

" L. T. CHRISTIAN,<br>Secretary."

" J. Taylor Ellyson,<br>President."

A resolution of a board of directors of a corporation, duly signed by its president and secretary, which sufficiently sets forth the terms of the contract, is a compliance with the statute of frauds as to contracts for the sale of real estate.   *Central Land Co.* v. *Johnston*, 95 Va. 223.   When, however, such a resolution is relied on as the evidence of a written agreement, it must, like other written contracts, show on its face a complete and concluded agreement between the parties.   Nothing must be left open for future negotiation and agreement, otherwise it cannot be enforced.   *Virginia Hot Springs* v. *Harrison*,

93 Va. 569; *Berry* v. *Wortham,* 96 Va. 87; *Boisseau* v. *Fuller,* 96 Va. 45.

The resolution relied on in the case at bar, as the evidence of a written contract, clearly shows on its face that the parties had not reached a final and concluded agreement. After resolving that the company donate the sum of $2,500 in money and thirteen lots, the same sentence provides as follows: " Said lots to be selected by the executive committee, the money to be paid out, and the lots to be deeded, under such conditions, and at such times, as the executive committee may agree upon with the representative of the said electric line." The resolution is an agreement to make the donation upon certain conditions. The conditions upon which the donation is to the made are, however, not settled, but expressly left open for future negotiation and agreement between the representatives of the two contracting parties.

There being no complete and concluded contract by writing, the claim of the defendant in error rests upon an oral contract, and the action not having been brought within three years the plea of the statute must prevail. Code, sec. 2920.

For these reasons the judgment of the Law and Equity Court must be set aside, and judgment given for the plaintiff in error.

*Reversed.*