**MARLEY MOULDINGS, INC., Plaintiff,**

v.

**Reginald SUYAT;  Flehr, Hohbach, Test, Albritton & Herbert;  and Heller, Erhman, White & McAuliffe, Defendants.**

**Civil Action No. 96–0114–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

May 23, 1997.

William W. Eskridge, Abingdon, VA, for Plaintiff.

James R. Creekmore, Roanoke, VA, Ralph E. Burnette, Jr., Lynchburg, VA, Michael F. Urbanski, Roanoke, VA, for Defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Jurisdiction of this court is founded upon 28 U.S.C. § 1332. This action is presently before this court on Defendant Flehr, Hohbach, Test, Albritton & Herbert's (hereinafter "Flehr, Hohbach") motion to dismiss. Flehr, Hohbach argues that the action against it is barred by the applicable statute of limitations which it contends is 3 years as provided by the Code of Virginia for a breach of an oral contract. *See* Va.Code § 8.01–246(4). Plaintiff Marley Mouldings, Inc. (hereinafter "Marley Mouldings") contends that the action is not barred against Flehr, Hohbach because the applicable statute of limitations is 5 years as provided by the Code of Virginia for a breach of a written contract. *See* Va.Code § 8.01–246(2). This

court finds that the above action is based on an oral contract for purposes of the statute of limitations, and therefore, the applicable statute of limitations is 3 years. Flehr, Hohbach's motion to dismiss is granted.

## I.

This action was filed in the Circuit Court of Smyth County on December 15, 1995, by Marley Mouldings alleging legal malpractice against Defendant Reginald Suyat (hereinafter "Suyat"), an attorney, and the two law firms which employed him during the course of his work for Marley Mouldings. It was removed to this court in July of 1996 with the consent of all parties. In August of 1996, Flehr, Hohbach moved this court to dismiss the action against it raising the statute of limitations defense. In September of 1996, Marley Mouldings moved this court for permission to amend its complaint to allege a written contract with Flehr, Hohbach. This court granted Marley Mouldings' motion to amend in October of 1996. Flehr, Hohbach filed a supplemental memorandum in support of its motion to dismiss, and Marley Mouldings responded with a memorandum in opposition to the motion. A hearing on this matter was held in front of this court in March of 1997.

Suyat is a patent attorney and was associated with Flehr, Hohbach until December of 1990. As an attorney for Flehr, Hohbach, Suyat worked on obtaining patents for Marley Mouldings. After leaving Flehr, Hohbach, Suyat went to work with Heller, Erhman, White & McAuliffe where he continued to work with Marley Mouldings in its efforts to obtain patents. The latest date that Flehr, Hohbach is alleged to have performed any patent work for Marley Mouldings is February of 1991.

## II.

In Virginia, the applicable statutes of limitations for legal malpractice suits are the statutes of limitations for breaches of contracts. *MacLellan v. Throckmorton*, 235 Va. 341, 367 S.E.2d 720, 721 (1988) (quoting *Oleyar v. Kerr*, 217 Va. 88, 225 S.E.2d 398, 399 (1976); *Federal Deposit Ins. Corp. v. Cocke*, 7 F.3d 396, 403 (4th Cir.1993). The

running of the statute of limitations for a legal malpractice suit begins "when the attorney's services rendered in connection with that particular undertaking or transaction have terminated." *Keller v. Denny*, 232 Va. 512, 352 S.E.2d 327, 330 (1987).

Marley Mouldings does not argue that the 3 year statute of limitations does not apply to legal malpractice suits based on oral contracts; rather, it argues that it had a written contract with Flehr, Hohbach which removes this action from the 3 year statute of limitations and places it in the 5 year statute of limitations for a breach of a written contract. Therefore, the issue before this court is whether the letters put forth by Marley Mouldings establish a written contract for the purposes of the statute of limitations. If this court determines that they do constitute a written contract, then the 5 year statute of limitations is applicable to this action and Marley Mouldings' suit against Flehr, Hohbach survives this motion to dismiss. If, however, the letters do not constitute a written contract, then the 3 year statute of limitations is applicable and the suit is barred.

■ Marley Mouldings urges this court to use the statute of frauds standard to determine whether or not the contract was written for the purposes of the statute of limitations. A writing can satisfy the statute of frauds if its terms are "reasonably certain." If some terms are uncertain, the writing can still satisfy the statute of frauds and be enforced if, when read in light of the surrounding circumstances, the terms of the contract can be determined. Furthermore, parol evidence can be used to determine the specific terms of the contract. *R.K. Chevrolet, Inc. v. Hayden*, 253 Va. 50, 480 S.E.2d 477 (1997) (citations omitted). In the case of *Newport News. H. & O.P. Development Co. v. Newport News St. Ry. Co.*, 97 Va. 19, 32 S.E. 789 (1899), the Virginia Supreme Court held that although a resolution of the board of directors signed by its president and sec-

retary could satisfy the statute of frauds, it did not satisfy the statute of limitations writing requirement. *Id.* at 790. The court held that in order to satisfy the statute of limitations writing requirement, the contract "must show on its face a complete and concluded agreement between the parties. Nothing must be left open for future negotiation and agreement: otherwise, it cannot be enforced." *Id.* (citations omitted). In *Newport*, the resolution set out the amount of money and the number of lots to be donated to the Railway; nonetheless, the court found that the contract was an oral contract for limitations purposes because the conditions surrounding the delivery of the money and the selection of the lots were open for negotiation and applied the 3 year statute of limitations barring the plaintiffs claim.[1]

■ Marley Mouldings argues that it would be inconsistent to apply more stringent requirements to satisfy the writing requirement of the statute of limitations than those required to satisfy the statute of frauds. However, it cites no authority for departing from the plain language of the Virginia Supreme Court in its holding in *Newport*. The differing standards for writing requirements under the statute of frauds and the statute of limitations can be justified by the different aspirations of the two statutes.

[Statute of limitations] are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them".... Moreover, the courts ought to be relieved of the

---

1. Flehr, Hohbach also relies upon an Eastern District of Virginia case which held that the written documents presented to the court did not satisfy the writing requirement for the purpose of complying with the 5 year statute of limitations. *Stauffer v. Fredericksburg Ramada, Inc., et al.*, 411 F.Supp. 1136, 1137 (E.D.Va.1976). The court found that the writings did not indicate, individually or collectively, any intention by the parties that they were to constitute a written contract; therefore, the 3 year statute of limitations for breach of oral contracts rather than the 5 year statute of limitations for breach of written contracts applied. *Id.*

burden of trying stale claims when a plaintiff has slept on his rights.

*Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965) (citations omitted). Whereas, the statute of frauds' primary objective is to prevent fraud in setting up pretended agreements and then supporting them with perjury. *Reynolds v. Dixon,* 187 Va. 101, 46 S.E.2d 6 (1948); *Plunkett v. Bryant,* 101 Va. 814, 45 S.E. 742 (1903).

The Virginia legislature's reasoning for providing a longer statute of limitations for breaches of written contracts than for breaches of oral contracts is obvious. When a contract is written, it is the language of the contract itself which governs, and the effect of lost evidence, faded memories, and missing witnesses is less prejudicial to the adjudication of the claim than where parol evidence, memories, and witness will be relied upon to determine the actual terms of an oral contract. Under the policy supporting the statute of limitations, the very terms and content of the writing are significant because the more that is written the less the court must rely on external evidence which deteriorates with time. Under the policy supporting the statute of frauds, it is just the fact that a writing exists, providing evidence that there was in fact some type of agreement, that is significant. Therefore, it is logical that the requirements to satisfy the statute of limitations writing requirement are more stringent than those required by the statute of frauds.

■ The standard this court must apply is the *Newport* standard which is whether the writings presented by Marley Mouldings show on their face a complete and concluded agreement. Marley Mouldings puts forth 3 letters which it alleges establish a written contract for legal services from Flehr, Hohbach to patent a "process":

(1) The first letter is dated July 14, 1983, and is a request from DG Shelter Products, a division of DiGiorgio Corporation (Marley Mouldings' predecessor), asking Flehr, Hohbach to review a process for its possibilities as a patented process and to advise it on how to proceed. The process involved converting low grade fingerjointed moulding and millwork products to a higher grade clear product which could be stained on the construction site.

(2) The second letter, dated September 20, 1983, is a letter from Flehr, Hohbach concerning a patent application entitled "MOULDING COATING COMPOSITION" which confirms that a request for a novelty search on the stated patent application had been sent as was discussed in an earlier meeting.

(3) The final letter, dated September 29, 1983, is from Reginald Suyat at Flehr, Hohbach to DG Shelter Products and encloses a draft of the actual application for the above stated patent.

Marley Mouldings does not dispute that the above stated application resulted in the issuance of patent '133 which is not involved in this suit. Rather, it contends that the request for review and advice on the patent possibilities of the "process" encompassed all the patents necessary to completely patent the "process" and that the letter from Flehr, Hohbach confirming the novelty search for the patent entitled "MOULDING COATING COMPOSITION" constitutes Flehr, Hohbach's written acceptance of DG Shelter Products' offer to hire Flehr, Hohbach to work on patenting the "process."

In order to accept Marley Mouldings' interpretation of the contract, this court must imply several terms. The subject matter of the contract is ambiguous. The first letter, according to Marley Mouldings, refers to a general process which would involve obtaining numerous patents covering the conversion of low grade fingerjointed moulding and millwork products to a higher grade clear product which could be stained on the construction site; yet, the alleged acceptance of this offer, the second letter, refers to a specific, single patent entitled "MOULDING COATING COMPOSITION" and only confirms that a novelty search is being conducted. The third letter does concern an actual patent application, but like the second letter, it refers only to a single patent application. Furthermore, there is no agreement as to what the consideration for the services to be rendered will be; nor, is there an agreement as to the duration of the services. After reading the three letters, this court is left

with the definite impression that there must be something more to this contract.

Although these letters may well suffice under the statute of frauds, the *Newport* standard requires that the agreement be "complete and concluded" leaving nothing further open for negotiation. In order to determine exactly what this contract entails, this court would have to look to external evidence; therefore, Marley Mouldings' action against Flehr, Hohbach must be characterized as a breach of an oral contract requiring the application of the 3 year statute of limitations. Marley Mouldings' action against Flehr, Hohbach is barred by the statute of limitations, and the claim must be dismissed.

## ORDER

For the reasons stated in the memorandum opinion entered this day, it is hereby ORDERED that Defendant Flehr, Hohbach, Test, Albritton & Herbert's motion to dismiss Marley Mouldings' claim against it is GRANTED.