Present:  All the Justices

A. DALE SMITH, ET AL.

v.  Record No. 990164     OPINION BY JUSTICE ELIZABETH B. LACY
                               January 14, 2000
CHESTERFIELD MEADOWS SHOPPING
CENTER ASSOCIATES, L.P., ET AL.

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

A. Dale Smith and Richard M. Allen appeal the trial court's judgment sustaining  a demurrer dismissing their bill of complaint seeking to have a restrictive covenant declared null and void.  Finding that the pleadings were sufficient to state a cause of action, we will reverse the judgment of the trial court.

In 1979, Allen owned approximately 5.5 acres of land on the north side of Centralia Road at its intersection with State Route 10 in Chesterfield County.  He sought and obtained a rezoning of the parcel to Agricultural (A) with a conditional use permit to build an office complex.  Ernest P. Gates and Virginia Y. Gates (the Gates) owned a 5.5-acre tract on the south side of Centralia Road at that intersection.  The Gates' home, known as "Wrexham," was located on their property.

On July 14, 1980, Allen and the Gates executed a restrictive covenant affecting Allen's property.  Under the covenant, Allen's land was to be "used only for the purposes

mentioned and allowed by the Special Conditional Use Permit granted by the Board of Supervisors on November 28, 1979, in case #79S101A for an office complex as reflected in the official minutes of the meeting."  The covenant was to run with the land for a period of sixty years from the date of the covenant and it was recorded in the land records of Chesterfield County.

The Wrexham structure subsequently was relocated, the Gates' property was rezoned to "Commercial" use, a portion was sold to Chesterfield Meadows Shopping Center Associates, L.P., and Ukrop's Super Markets, Inc. (collectively "Chesterfield"), and the Chesterfield Meadows Shopping Center was constructed on the property.  Allen's property was subsequently rezoned from Agricultural (A) to "Neighborhood Business" and a portion of the tract was sold to Smith.

On June 24, 1998, Smith and Allen filed a bill of complaint in the court below, pursuant to Code § 55-153, seeking to have the restrictive covenant declared void. Chesterfield filed a demurrer, which the trial court sustained by order entered on October 1, 1998.  Smith and Allen were given 21 days from the date of entry of the order to amend their bill of complaint.  On October 29, Allen and Smith filed a motion for nonsuit which the trial court granted on November 2, 1998.  Chesterfield filed a motion to vacate the court's

2

order of nonsuit, which was granted on November 23, 1998, based on the court's finding that it "lost jurisdiction on October 22, 1998 because no Amended Bill of Complaint had been filed or other Order entered."  We awarded Smith and Allen this appeal.

Smith and Allen argue that the trial court erred in sustaining Chesterfield's demurrer because their bill of complaint adequately stated a cause of action.  In a cause of action to have a restrictive covenant declared void, a party must prove that changed conditions have defeated the purpose of the restrictions, and the change must be "so radical as practically to destroy the essential objects and purposes of the agreement."  Booker v. Old Dominion Land Co., 188 Va. 143, 148, 49 S.E.2d 314, 317 (1948).  Smith and Allen assert that the allegations contained in the bill of complaint that "[t]he restriction was intended to protect the historical nature of Wrexham," that the Wrexham structure had been relocated, and that the entire property upon which Wrexham was located is now zoned commercial and a shopping center has been built on the property, were sufficient to state a cause of action for declaring a restrictive covenant void.

Chesterfield responds first that our holding in Ward's Equipment, Inc. v. New Holland North America, Inc., 254 Va. 379, 493 S.E.2d 516 (1997), bars consideration of Smith and

3

Allen's allegations that the purpose of the restrictive covenant was to protect the Wrexham structure. In Ward's Equipment, we held that factual allegations contradicted by the terms of authentic, unambiguous documents that are a part of the pleading may be disregarded by a court in considering a demurrer. Id. at 382, 493 S.E.2d 518. Chesterfield argues that the restrictive covenant, which was attached to the pleading, stated that "it is the desire of the parties hereto to restrict the land containing 5.523 acres in accordance with conditions imposed by the Board of Supervisors of Chesterfield County in case #79S101A." This statement, according to Chesterfield, is an unambiguous statement of the purpose of the restrictive covenant. Therefore, Chesterfield contends, Smith and Allen's argument that the purpose of the covenant was to preserve the Wrexham structure is a factual allegation in contradiction of the unambiguous covenant document, and is barred by the doctrine recognized by Ward's Equipment. We disagree.

The language quoted above from the restrictive covenant does not address the purpose of the covenant. Rather, the language describes the actual restriction that was imposed upon the land. The purpose of the covenant, namely, the reason why the parties chose to impose the restriction on the land, is not set forth in the document itself. Because the

4

document is silent as to the purpose of the restrictive covenant, the rule in Ward's Equipment does not prohibit the introduction of evidence on that subject, since such evidence would not be considered a factual allegation contradicted by the terms of the document.

Next, relying on Hechler Chevrolet v. General Motors Corp., 230 Va. 396, 337 S.E.2d 744 (1985), Chesterfield asserts that the introduction of evidence that the covenant was created to protect the Wrexham structure is barred by the parol evidence rule. In Hechler, parol evidence was not allowed to show prior dealings between the parties because there was no allegation that the contract in question was incomplete or ambiguous. Id. at 403, 337 S.E.2d at 749. In the instant case, Smith and Allen allege that the purpose of the restrictive covenant was not contained within the document, and that extrinsic evidence is needed to determine the reason for imposing restrictions on the land. In light of these allegations, we hold that the parol evidence rule does not bar extrinsic evidence of the purpose of the covenant in this case.

Finally, Chesterfield argues that the bill of complaint fails to allege sufficiently changed circumstances to support nullification of the restrictive covenant. According to Chesterfield, allegations that an historical house has been

5

relocated and a shopping center has been constructed in its place alone are insufficient to establish the type of change which would "destroy the essential objects and purposes" of the restrictive covenant.

Considering these allegations in the light most favorable to the plaintiffs, which we must when considering a demurrer, W.S. Carnes, Inc. v. Chesterfield County, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996), we cannot say they are insufficient as a matter of law. The fact that the pleadings discuss changes to only a single property does not defeat the cause of action at the demurrer stage in the proceedings.

For the above reasons, we conclude that Smith and Allen's bill of complaint stated a cause of action. Accordingly, we will reverse the trial court's order sustaining the demurrer and remand the case for further proceedings.[*]

Reversed and remanded.

---

[*] Because we are reversing the trial court's order sustaining the demurrer, we do not reach the remaining assignments of error pertaining to nonsuit.