## CIRCUIT COURT OF FAIRFAX COUNTY

Technology Advancement
Labs, L.L.C.

v.

Birch, Stewart,
Kolasch, & Birch, L.L.P.

June 9, 2015

Case No. CL-2013-16498

By Judge Jane Marum Roush

This matter came on for a hearing on May 29, 2015, on the defendant's Demurrer to the plaintiff's First Amended Complaint. At that time, I took the matter under advisement. For the following reasons, I will enter an order sustaining the demurrer without leave to amend.

The First Amended Complaint alleges a claim for legal malpractice. To establish a claim for legal malpractice, a plaintiff must allege an attorney-client relationship which gives rise to a duty, a breach of that duty by the defendant attorney, and finally that damages were proximately caused by the defendant attorney's breach. *Shevlin Smith v. McLaughlin*, 289 Va. ___, 769 S.E.2d 7 (2015).

"A demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Kitchen v. City of Newport News*, 275 Va. 378, 385-86, 657 S.E.2d 132 (2008). The only issue to be decided by the court is "whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant." *Thompson v. Skate Am., Inc.*, 261 Va. 121, 126, 540 S.E.2d 123 (2001).

Furthermore, "factual allegations contradicted by the terms of authentic, unambiguous documents that are a part of the pleading may be disregarded by a court in considering a demurrer." *Smith v. Chesterfield Meadows Shopping Ctr. Assocs.*, 259 Va. 82, 85, 523 S.E.2d 834 (2000) (*citing Ward's Equipment, Inc. v. New Holland North Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997)).

## The First Amended Complaint

The plaintiff is Technology Advancement Labs, L.L.C. (the "Plaintiff" or "TAL"). The defendant is the law firm of Birch, Stewart, Kolasch, & Birch, L.L.P. (the "Defendant" or "BSKB"). In its First Amended Complaint, TAL alleges as follows.

Plaintiff is the assignee of a patent application filed with the United States Patent and Trademark Office (the "USPTO"). The application relates to "a novel, low-caloric dough that can be used to create bread, crackers, and other food products having … a caloric reduction of approximately 98 percent." First Amended Complaint ¶ 4. (Unless otherwise indicated, all further paragraph references will be to the numbered paragraphs of the First Amended Complaint.) The patent application was originally filed in 2006. ¶ 8. In 2008, the USPTO rejected the application. ¶ 11.

In June 2008, TAL hired BSKB to represent TAL before the USPTO. ¶ 8. TAL wanted BSKB to respond to the preliminary rejection of the patent application and to meet with the patent examiner at the USPTO who was in charge of reviewing the application. ¶¶ 11, 12.

Applicable patent law (35 U.S.C. § 112) "requires a written description of the invention and of the claims pointing out the subject matter of the invention. Each claim is divided into a preamble, a transitional phrase from preamble to claim body, and [the] claim body." ¶ 17.

The standard of care for patent attorneys requires that they know the importance of the differences between the transitional phrases in a patent application: "comprising," "consisting of," and "consisting essentially of." ¶ 27.

On October 29, 2008, BSKB met with the patent examiner in charge of TAL's patent application. ¶ 63. The patent examiner advised BSKB that the patent application could be legally and timely amended to replace the transitional phrase "comprising" in TAL's application with "consisting essentially of." ¶ 28. The patent examiner had referred to the "consisting essentially of" transitional phrase "in a sufficiently positive way that made allowance of the claim highly likely if the examiner's suggestion had been acted upon." ¶ 29(a).

The standard of care requires a patent attorney to explain to the client "exactly what the examiner has indicated he or she needs in amendment for claim allowance." ¶ 36. The standard of care requires a patent attorney to "reveal to their clients the specific outcomes of the interview on the key understanding issues." ¶ 46. See also ¶ 52. "The standard of care also required the defendant Birch law firm to make the report meaningful and detailed enough that the client applicant could understand and act appropriately upon such report." ¶ 64.

BSKB attorneys reported the results of the interview to TAL. ¶ 65. The attorneys "did not convey any concept that the examiner had expressed affirmative and favorable sentiment to changing the text in claim 1 to

`consisting essentially of`." ¶ 66. *See also* First Amended Complaint, Exhibit A.

Two days after its interview with the patent examiner, BSKB drafted a "25-page response with claim amendments answering the USPTO's ... first denial." The draft response was sent to TAL on October 31, 2008. Within the draft response, BSKB "buried" an amendment to add the "consists essentially of" language recommended by the patent examiner. ¶ 78. BSKB "did not alert its client on the urgency of filing this particular amendment to claim 1 to achieve the examiner suggested path to claim allowance." ¶ 80. (Excerpts of BSKB's draft amendments are attached to the First Amended Complaint as Exhibits B and C.)

On October 31 and November 3, 2008, Jason Arthur Taylor, the chief scientist for TAL, informed BSKB that TAL would be making its own amendments to the patent application based on BSKB's report of what the patent examiner had said at the October 2008 interview. TAL told BSKB that the amendments TAL was going to propose would be contrary to BSKB's recommendations. ¶ 75(a).

BSKB advised TAL to obtain an extension to respond to the USPTO initial rejection of the patent application. TAL obtained an extension and filed its own proposed amendments on December 6, 2008. TAL's amendments did not include the "consisting essentially of" language recommended by the patent examiner. ¶ 86.

Having been fired by TAL, BSKB formally withdrew as TAL's counsel before the USPTO on December 12, 2008. ¶ 13(a).

TAL's patent application was finally rejected in March 2009. ¶ 38.

In July 2009, a principal of TAL met with the patent examiner and learned that the patent examiner had told BSKB during the October 2008 interview that "comprising" should be changed to "consisting essentially of" in the transitional phrase in the patent application. ¶ 68.

Had TAL known of the importance of the "consisting essentially of" language, it would have included it in its *pro se* submission to the USPTO and the patent application likely would have been accepted. ¶ 96.

TAL has been damaged by the failure to obtain the patent in the amount of $200 million. ¶ 107.

*The Demurrer*

In its Demurrer to First Amended Complaint, the Defendant argues that TAL's factual allegations demonstrate that TAL is not entitled to relief:

> Essentially, TAL alleged that the [USPTO] Examiner told BSKB that the patent application would be allowed if Claim 1 was amended to use the transitional phrase "consisting essentially" instead of "comprised of" to identify the covered invention. TAL, however, explicitly states in the First Amended

Complaint that BSKB provided such information. Thus, even under TAL's version of events, BSKB did exactly what TAL alleged BSKB did not do. TAL's allegations, accepted as true for the purposes of this Demurrer, establish that BSKB communicated the very information TAL contends it withheld, but, notwithstanding receipt of such information, TAL ignored BSKB's recommendations, terminated the attorney-client relationship, and subsequently filed its own response, wherein it neglected to include the "consisting essentially of" transitional phrase as an amendment to Claim 1.

Demurrer to First Amended Complaint at ¶ 7.

### *Discussion*

The Court agrees with the Defendant that the allegations of the First Amended Complaint demonstrate that the Plaintiff is not entitled to the relief it seeks. The factual allegations of the First Amended Complaint, along with the attachments to the complaint, demonstrate that the Defendant did in fact communicate to the Plaintiff that the amended patent application should include the phase "consisting essentially of." The Plaintiff rejected this advice, fired the Defendant as its counsel, and then, acting *pro se*, filed its amendments with the USPTO. In short, even if the factual allegations of the First Amended Complaint are taken as true, the Plaintiff's claim that BSKB breached the standard of care for patent attorneys cannot survive demurrer. *See Smith v. Chesterfield Meadows Shopping Ctr. Assocs.*, 259 Va. 82, 85, 523 S.E.2d 834 (2000); *Ward's Equipment, Inc. v. New Holland North Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997).

### *Conclusion*

For the foregoing reasons, the Court will sustain the Demurrer. Given that this case has been pending since 2013, I see no need to allow any further amendments to the complaint. Therefore, the case will be dismissed with prejudice.